91 F.3d 154
 78 A.F.T.R.2d 96-5266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R. RICHARDSON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70781.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William R. Richardson appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies and additions to tax in Richardson's federal income taxes for the tax years 1988 through 1990. We have jurisdiction pursuant under I.R.C. § 7482, and we affirm.
 
 
 3
 We review for clear error the Tax Court's finding that the taxpayer did not qualify for tax-exempt status. See, e.g., Church of Scientology v. Commissioner, 823 F.2d 1310, 1319 (9th Cir.1987), cert. denied, 486 U.S. 1015 (1988).
 
 
 4
 Richardson contends that the Tax Court clearly erred by finding that his church was not entitled to tax-exempt status under section 501(c) of the Code.[1] We disagree.
 
 
 5
 In order to qualify for exemption, Richardson must show that his church is (1) organized and (2) operated exclusively for religious or charitable purposes. See I.R.C. § 501(c)(3); Church of Scientology, 823 F.2d at 1315; Treas.Reg. § 1.501(c)(3)-1.
 
 
 6
 Here, Richardson, who had the burden of proof at trial, see Church of Scientology, 823 F.2d at 1317, failed to submit evidence establishing that he met the requirements of section 501(c)(3). In the absence of such evidence, the Tax Court did not err by upholding the Commissioner's determination of deficiencies and additions to tax.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Richardson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the Tax Court recognized, Richardson's failure to show that his church qualified for tax-exempt status disposes of his original returns' claims for charitable deductions and his amended returns' claims for outright exemption. See I.R.C. § 170(c)(2)(B)
 
 
 [2]
 Because Richardson failed to assign error to any other findings of the Tax Court, we deem any issue with respect to those findings abandoned